UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| AK MEETING IP LLC,<br><br>Plaintiff,<br><br>v.<br><br>ZOHO CORPORATION,<br><br>Defendant. | § § § § § § § § § § § Civil Action No. 6:22-cv-00250-ADA |

### NOTICE OF NON-OPPOSITION TO DEFENDANT ZOHO CORPORATION'S MOTION TO TRANSFER VENUE (D.I. 20)

Pursuant to Local Rule CV-7(D)(2), Defendant Zoho Corporation ("Zoho") submits this notice of non-opposition regarding its pending Motion to Transfer Venue Within This District Under 28 U.S.C. § 1404(a) (the "Transfer Motion") filed on August 2, 2022. *See* D.I. 20.

Because Plaintiff AK Meeting did not conduct any venue or jurisdictional discovery, its response to the Transfer Motion was due on August 16, 2022—14 days after the motion was filed. *See* Standing Order Governing Proceedings (OGP) 4.2 – Patent Cases ("Standing Order") § VI (response due "14 days after the completion of venue or jurisdictional discovery, ***if such discovery is conducted***; otherwise, 14 days after the Opening brief.") (emphasis added). Plaintiff's response is more than two months overdue and Zoho respectfully requests the Court deem its Transfer Motion unopposed and grant the relief requested therein to transfer this case to the Austin Division. *See* Local Rule CV-7(D)(2) ("If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed.").

Although Plaintiff failed to conduct any venue discovery, it filed a Notice of Venue Discovery on August 16, 2022 "inform[ing] this court that AK Meeting will conduct venue

1

discovery to retain this case in the Western District of Texas, Waco Division" (D.I. 21). Indicating an intent to take venue discovery, however, is not sufficient to extend the deadline for responding to the Transfer Motion. The Standing Order extends the response deadline to fourteen days after the completion of venue discovery only "if [venue or jurisdictional] discovery is conducted." Standing Order § VI. Plaintiff failed to conduct any such discovery so the deadline was 14 days after the motion was filed.

Moreover, even if Plaintiff had conducted venue or jurisdictional discovery, it still failed to timely respond to Zoho's Transfer Motion. If Plaintiff conducted discovery, the deadline to complete venue discovery was October 11, 2022 (ten weeks after the motion was filed) and Plaintiff's response brief would have been due on October 25, 2002. *See* Standing Order §§ V, VI (venue discovery automatically opens upon filing of initial venue motion and "shall be completed no later than 10 weeks after the filing of such motion"). But again, no response to Zoho's Motion to Transfer was filed by October 25, 2022.

Because Plaintiff failed to file any response (timely or otherwise) to Zoho's Motion to Transfer, Zoho requests the motion be deemed unopposed and that the Court grant the relief Zoho has requested therein to transfer this case to the Austin Division. *See* D.I. 20; Local Rule CV-7(D)(2) ("If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed."); *Traxcell Techs., LLC v. Google LLC*, No. 6:21-CV-1312-ADA, 2022 WL 3593054, at *1 (W.D. Tex. Aug. 22, 2022) ("Because Plaintiff did not file a response or notice of venue discovery within 14 days, the Court considers this Motion unopposed. When motions are unopposed, a court may grant the motion."); *De La Vega v. Amazon (USA), Inc.*, No. 6-19-cv-00618-ADA (W.D. Tex. Feb. 7, 2020) (text order stating "[b]ecause Mr. De La Vega has not filed his response within the 7-day time period prescribed by

Local Rule CV-7, the Court GRANTS this motion as unopposed"); *Jefferson Street Holdings Intellectual Property LLC v. Tech21 Inc.*, Case No. 5-18-cv-00806, Dkt. No. 32 at 1 (W.D. Tex. Oct. 29, 2019) ("Although the deadline has passed, no response has been received by the Court. Accordingly, the Court considers the motion to be unopposed."); *Yeti Coolers, LLC v. Rtic Coolers, LLC*, No. 1:15-CV-00597-RP, 2016 WL 5956081, at *2 (W.D. Tex. Aug. 1, 2016) ("For good cause shown, and as RTIC did not timely respond to YETI's motion for redaction, the Court grants YETI's motion as unopposed."); *Kaden v. Smith*, 3-15-cv-00146, Dkt. No. 26 at 1 (W.D. Tex. Mar. 09, 2016) ("As of this date, Defendant has filed no response. Therefore, the Court will grant Plaintiff's Motion as unopposed.").

Dated: October 26, 2022                           Respectfully submitted,

By:    */s/ Ryan J. Marton*
Ryan J. Marton (admitted *Pro Hac Vice*)
Phillip J. Haack (admitted *Pro Hac Vice*)
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
Telephone: (415) 360-2515
Email:    ryan@martonribera.com
          phaack@martonribera.com

Darryl Adams
Texas State Bar No. 00796101
dadams@sgbfirm.com
SLAYDEN GRUBERT BEARD PLLC
401 Congress Ave., Ste. 1650
Austin, Texas 78701
Telephone: (512) 402-3550
Facsimile: (512) 402-6865

*Attorneys for Defendant Zoho Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing is being served on the counsel of record via the CM/ECF system on October 26, 2022.

>    */s/ Darryl J. Adams*
>    Darryl J. Adams